IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| RANDY LAVERN LEE, | |
| Petitioner, | No. C25-4061-LTS-MAR |
| vs. | |
| BETH SKINNER, et al., | **MEMORANDUM OPINION AND ORDER** |
| Respondents. | |

## I. INTRODUCTION

This case is before me on a motion (Doc. 9) to dismiss filed by respondent Beth Skinner. Skinner argues that petitioner Randy Lee's habeas petition (Doc. 1) under 28 U.S.C. § 2254 must be dismissed because it was not timely filed. Lee has filed a resistance (Doc. 10) and Skinner has filed a reply (Doc. 11). Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND AND PROCEDURAL HISTORY

On December 17, 2018, Lee was charged in Monona County, Iowa, with two counts of sexual abuse in the third degree.[1] Doc. 8-2 at 9. He was convicted by a jury and judgment was entered on September 7, 2019. *Id.* at 32, 44-56. Lee appealed. *Id.* at 57-58. The Iowa Court of Appeals denied his appeal on October 7, 2020. Doc. 8-5. Lee did not file an application for further review and the time to do so expired on October 27, 2020. *See* Iowa R. App. P. 6.1103 ("an application for further review must be filed within 20 days following the court of appeals decision").

Lee filed an application for post-conviction relief (PCR) in state court on

---

[1] The court takes judicial notice of the records from Lee's state court proceedings, which have been filed by respondents at Doc. 8. Fed. R. Evid. 201(b).

November 19, 2021. Doc. 8-6. That application was granted by the Iowa District Court on June 5, 2024, setting aside the conviction. Doc. 8-8. The State appealed. Doc. 8-9. On July 23, 2025, the Iowa Court of Appeals reversed the District Court's ruling and remanded the case with instructions to dismiss Lee's PCR petition. Doc. 8-12. Lee sought further review, which was denied by the Iowa Supreme Court on September 15, 2025. Doc. 8-14.

Lee filed his § 2254 petition on November 1, 2025. Doc. 1. On November 5, 2025, I entered an initial review order in which I found an arguable issue as to the timeliness of the petition and allowed the case to proceed to give the parties the opportunity to address it. Doc. 2. Skinner did so by filing her motion to dismiss on December 30, 2025. Doc. 9.

### III. APPLICABLE STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when

2

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014).

In deciding a motion brought pursuant to Rule 12(b)(6), the court may consider certain materials outside the pleadings, including (a) "the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and (b) "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). Thus, the court may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;'

3

without converting the motion into one for summary judgment." *Miller*, 688 F.3d at 931 n.3 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

## IV. ANALYSIS

Skinner argues that this case should be dismissed because Lee's § 2254 petition is untimely. A petition brought under § 2254 must be brought within one year of the latest of four triggering events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). In this case, § 2244(d)(1)(A) is applicable, so Lee had to file his § 2254 petition within one year of his judgment becoming final.

Under § 2244(d)(1)(A), a judgment becomes final when (1) all direct review concludes or (2) when the time to seek direct review expires. The United States Supreme Court has made clear that this language envisions two "distinct categor[ies] of petitioners":

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of
4

the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Skinner argues the statute of limitations began running on October 27, 2020, when the time for filing an application for further review on his direct appeal expired. Because Lee filed his state PCR application over a year later on November 19, 2021, Skinner argues it did not toll the statute of limitations for a § 2254 petition, as the one-year limitations period had already expired. Lee argues that the Iowa District Court's vacatur of his conviction in June 2024 removed any finality to his judgment and his conviction became "final" only when the Iowa Court of Appeals reversed the PCR ruling and the Iowa Supreme Court declined further review.

I agree with Skinner that the statute of limitations for Lee's § 2254 petition started running no later than October 27, 2020, as that is the time by which Lee needed to file an application for further review with the Iowa Supreme Court.[2] *See Gonzalez*, 565 U.S. at 150 ("We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."); *King v. Hobbs*, 666 F.3d 1132, 1135 n.2 (8th Cir. 2012) (noting *Gonzalez* "instructed us that when a petitioner decides to forgo state-court appeals, we must 'look to state-court filing deadlines' to determine the 'expiration of the time for seeking [direct] review.'"); *Phillips v. Warden*, 908 F.3d 667, 671-72 (11th Cir. 2018) ("Petitioner's conviction thus became final for purposes of AEDPA's limitations period when the time expired for him to submit a certiorari petition to the Georgia Supreme Court . . . ."). Absent tolling, the statute of limitations would expire one year later.

---

[2] *See* Iowa R. App. P. 6.1103(1) (". . . an application for further review must be filed within 20 days following the filing of the court of appeals decision").

While section 2244(d)(2) allows for tolling during the pendency of a state post-conviction action, Lee did not file his PCR application until November 19, 2021 – after the one-year limitation period under AEDPA had already passed. As such, there was no time left on the clock to be tolled by Lee's PCR filing.

Lee's argument that his judgment did not become "final" until the Iowa Court of Appeals reversed the district court's PCR ruling and the Iowa Supreme Court denied further review is unavailing. Lee relies on *Penry v. Johnson*, 532 U.S. 782 (2001) (*Penry II*). In that case, the petitioner was granted habeas relief by the United States Supreme Court reversing his state court conviction. *See Penry v. Lynaugh*, 492 U.S. 302 (1989) (*Penry I*). The State of Texas then chose to retry Penry and he was again found guilty. Penry timely filed a § 2254 petition (after the enactment of AEDPA) challenging that separate conviction. *See Penry*, 532 U.S. at 786. *Penry I* did not "restart" the clock as to Penry's first conviction because an entirely new judgment was entered after Penry's second trial and conviction.

In this case, Lee's conviction was not reversed and remanded by the United States Supreme Court, but by a state district court in a ruling that was subsequently overturned by the Iowa Court of Appeals. There was never a separate conviction or judgment. Moreover, the time for challenging his conviction under § 2254 had already expired by the time Lee filed his PCR action in state court. *Penry* does not support an argument that a ruling by a state district court (that is subsequently overturned) restarts the time by which an original judgment is deemed "final." That question is governed by 28 U.S.C. § 2244.

Because Lee did not file his § 2254 petition within one year of October 27, 2020, the date his judgment became final, the petition is untimely and must be dismissed.

### V. CERTIFICATE OF APPEALABILITY

A certificate of appealability may be granted only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);

6

*see also Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 881 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749, 759 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Thus, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Similarly, when a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find Lee failed to make the requisite "substantial showing" with respect to his untimely § 2254 petition. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, a certificate of appealability will not issue. If Lee desires further review of his § 2254 petition, he may request the issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

## VI. CONCLUSION

For the reasons stated herein,

1. Respondent Beth Skinner's motion (Doc. 9) to dismiss is **granted**.

2. Randy Lee's petition under 28 U.S.C. § 2254 is **denied** and this action is **dismissed with prejudice**. A certificate of appealability shall not issue.

3. The Clerk of Court shall **close this case**.

**IT IS SO ORDERED** this 13th day of February, 2026.

_____
Leonard T. Strand
United States District Judge